Opinion by
Morrison, J.,
This was an action of assumpsit brought to recover a real estate broker’s commission claimed on the sale of a farm by the defendant which was deeded to Mrs. Carrie H. Taylor, the daughter of Hannum Jeffries. The questions in dispute were almost entirely of fact and we think they were fairly submitted to the jury.
The learned counsel for the appellant contends that there was absolutely no evidence to support the verdict for the defendant. We cannot agree with this contention. The appellant bases its right to recover on the theory that it was a licensed real estate broker and that it had the defendant’s property in its hands for sale and that it made a sale thereof to Mrs. Carrie H. Taylor and thereby earned ten per cent commission on $5,500. In opposition to this theory the appellee contends that he had withdrawn the property from the hands of the appellant before he sold it, and that the sale was actually made to Hannum Jeffries and not to his daughter, Mrs. Taylor. The undisputed evidence clearly shows that Hannum Jeffries had *318 been familiar with the property for many years, and his testimony is to the effect that he purchased it from the appellee without any aid, assistance or information derived from the appellant, and it is not questioned that Mr. Jeffries paid of his own money $2,750 upon the farm and that he then caused the deed to be made to his daughter, Mrs. Carrie H. Taylor, and she and her husband executed and delivered a mortgage to the appellee for $2,750, the balance of the purchase money.
The learned counsel for the appellant contends that Mrs. Taylor was, by the defendant’s admission, the actual purchaser of the farm and that her father was only a pretended purchaser. We do not think the evidence conclusively leads to this conclusion. There is no evidence that Mrs. Taylor invested a dollar in the purchase of this farm, but it is conceded that her father made the bargain with the appellee and paid, of his own money, $2,750 of the purchase price.
Of course there was ground for argument to the jury, upon all of the evidence, that Mrs. Taylor really purchased the property, but the principal force of this argument rests on the fact that the deed was made to her and that she had at some time prior to the sale to her father visited the appellant’s office and inquired about the property. It is very probable that the learned counsel for appellant made a vigorous effort to convince the jury that the sale was made by the appellee to Mrs. Taylor, but the jury evidently refused to so find and found that the farm was sold to Hannum Jeffries. In our opinion the evidence of Mr. Jeffries and other witnesses sustains this finding by the jury, and this evidence was fairly submitted, to the jury, by the court.
The learned counsel complains of the court for saying to the jury: “If you credit the testimony produced by the defendant here, which is, mainly, that of Mr. Jeffries, then your verdict should be for the defendant.” We think the learned counsel must concede that if the facts had been agreed upon as testified to by Hannum Jeffries that ‘a *319 question would thus have been presented to the court calling for legal instructions as to whether or not the appellant was entitled to recover commissions from the appellee for the sale of the farm to Hannum Jeffries. In our opinion, in that case, the court would have been warranted in directing a verdict for the defendant. Now, in substance, that was what was done at the trial of this case. The court was of the opinion that if the facts were as testified to by Hannum Jeffries, the plaintiff could not recover and we agree with this conclusion of the court below. If Mr. Jeffries had been familiar with the farm for many years and believed that it was not then in the hands of the appellant for sale, and Mr. Jeffries received no aid, information or assistance from the appellant, but went to the appellee and as an ordinary business transaction purchased the farm, we are unable to see how the plaintiff earned or is entitled to recover any commission on that sale.
The learned counsel for appellee in his printed argument says: "The appellant here complains that there was a manifest abuse of discretion by the lower court in dismissing its rule for a new trial in this case, and this represents the single question for the consideration of this court.” A careful examination of the assignments of error and the argument of appellant’s counsel does not disclose any ground for the above assertion. While it is true that appellant’s counsel contends that there is absolutely no evidence to support the verdict for the defendant, yet he has no assignment of error, based on an exception, asking for a reversal of the judgment because of an abuse of discretion by the court below in refusing a new trial.
Upon the whole record, the seven judges who heard the argument of this case reached the conclusion that it was properly tried and that the judgment should be sustained.
The assignments of error are all dismissed and the judgment is affirmed.